# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20060
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

RICARDO MARTINEZ-ESPINOZA, Also Known as Ricardo Martinez,
Also Known as Ricardo Espinosa Martinez,
Also Known as Ricardo Espinoza Martinez,
Also Known as Ricardo Martinez-Martinez,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-397-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ricardo Martinez-Espinoza appeals his sentence for being an alien found unlawfully in the United States after having been previously deported, in violation of 8 U.S.C. § 1326. For the first time on appeal, he maintains that his criminal history score was incorrectly calculated. As he concedes, because he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20060

did not raise that challenge in the district court, review is for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). To demonstrate plain error, he must show a clear or obvious error that affects his substantial rights; even if he makes that showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Martinez-Espinoza contends that he should not have received any criminal history points under U.S.S.G. § 4A1.1(c) for his 2006 misdemeanor conviction of evading arrest, for which he received only 180 days of probation, and he further avers that he should have received only one criminal history point under § 4A1.1(c), rather than two points under § 4A1.1(b), for his 2012 illegal-reentry conviction, because it resulted in only a 45-day prison term. The government concedes the error.

Nevertheless, as the government urges, Martinez-Espinoza has not shown that the error affected his substantial rights. Even without the two points, Martinez-Espinoza's criminal history remains at category V, and the applicable guideline range of 21 to 27 months is unchanged. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table); *see also United States v. Garcia-Gonzalez,* 714 F.3d 306, 317 (5th Cir. 2013). Although Martinez-Espinoza claims that the district court based its sentence on the erroneous belief that he had attained the highest number of criminal history points under category V, the record indicates that the court imposed a high-end guideline sentence because of the seriousness and escalation of Martinez-Espinoza's criminal history, which included drug offenses, two deportations, and a recent firearms offense.

Thus, Martinez-Espinoza cannot show a reasonable probability that, but for the criminal-history computation error, he would have received a lesser sentence. *See United States v. Rivera,* 784 F.3d 1012, 1018 (5th Cir. 2015).

2

No. 15-20060

Consequently, he has not demonstrated any reversible plain error. *See Puckett*, 556 U.S. at 135.

The judgment of sentence is AFFIRMED.